UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

vs.  Case Nos.: 5:14cr10/RH/HTC
 5:16cv317/RH/HTC

ROBERT LEESEAN WILLIAMS

# REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Robert Leesean Williams's ("Williams") "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence" (ECF Doc. 90), and the Government's response (ECF Doc. 94).[1] The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After reviewing the record and the arguments presented, the undersigned recommends the § 2255 motion be denied without an evidentiary hearing. *See* Rules 8(a) and (b), Rules Governing Section 2255 Cases.

---

[1] Williams did not file a reply to the Government's response, despite having been afforded the opportunity to do so. ECF Doc. 92.

## I. BACKGROUND AND PROCEDURAL HISTORY

On May 20, 2014, a federal grand jury charged Williams in a three-count indictment with distribution, receipt and possession of child pornography, respectively. ECF Doc. 10. The superseding indictment entered on October 8, 2014, expanded the dates of the offense conduct charged in Count Two. ECF Doc. 26. Williams entered a plea of guilty on October 15, 2014. ECF Docs. 40, 70.

The Final Presentence Investigation Report ("PSR") reflected a total offense level of 40. ECF Doc. 54. This included a two-level reduction for acceptance of responsibility. *Id.* (PSR ¶ 39); U.S.S.G. § 3E1.1(a). Williams did not receive a full three-level reduction because he did not enter his guilty plea until five (5) days before trial. *Id.*(PSR ¶ 24); U.S.S.G. § 3E1.1(b). With a criminal history category of II, the applicable advisory guidelines range was 324 to 405 months. *Id.* (PSR ¶s 46, 88). The statutory maximum on each count was twenty (20) years. *Id*. (PSR ¶ 87).

At sentencing, the District Court determined that the five-level adjustment for a pattern of activity involving sexual abuse or exploitation of a minor did not apply. ECF Doc. 59 at 1, 4; ECF Doc. 72 at 13-33. Therefore, Williams's total offense level, which still included the two-level adjustment for acceptance of responsibility, was 35, making the applicable advisory guidelines range 188 to 235 months. *Id.* The District Court sentenced Williams at the "upper limit" of this range to a term of

Case Nos.: 5:14cr10/RH/HTC; 5:16cv317/RH/HTC

235 months as to each count, to run concurrently.   ECF Doc 58; ECF Doc. 72 at 38.[2]

Williams appealed, and his attorney filed an *Anders*[3] brief, raising five issues. *See* ECF Doc. 94-2 at 5-6.   The Eleventh Circuit independently examined the entire record and found no arguable issues of merit.   ECF Doc. 82.   Thus, the appellate court granted counsel's motion to withdraw and affirmed Williams's convictions and sentences on January 11, 2016.   *Id.*   Williams timely filed the instant § 2255 motion on October 21, 2016.   ECF Doc. 90 at 13.

## II.   LEGAL ANALYSIS

In Williams's § 2255 motion, he states as ground one (the only ground) for relief, that "I was not given credit for his acceptance of responsibility."   ECF Doc. 90 at 4.   As relief, he seeks for this Court "to consider letting [him] have credit for acceptance of responsibility and give another appeal."   *Id.* at 13.

### A. Credit For Acceptance Of Responsibility

As an initial matter, Williams's claim that he did not receive credit for acceptance of responsibility is not cognizable in a § 2255 proceeding.   *See United States v. Ausburn*, 990 F.2d 625, 1993 WL 117773, at *2 (5th Cir. 1993); *see also United States v. Payne*, 99 F.3d 1273, 1281-82 (5th Cir. 1996) (holding that a district

---

[2] Despite Williams's guilty plea to each of the three counts, Count Three was dismissed upon the Government motion.   *See* ECF Doc. 58; ECF Doc. 53 at 3; ECF Doc. 72 at 37-38.
[3] *Anders v. California*, 386 U.S. 738 (1967).

Case Nos.: 5:14cr10/RH/HTC; 5:16cv317/RH/HTC

court's technical application of the guidelines is a non-constitutional issue that is not cognizable on collateral review absent a complete miscarriage of justice). "Section 2255 does not provide a remedy for every alleged error in conviction and sentencing." *Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014). Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to section 2255 are extremely limited.

A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.   *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011).   "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"   *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).   Issues which could have been raised on direct appeal, such as alleged guidelines errors, are generally not actionable in a § 2255 motion and will be considered procedurally barred.   *See id.* at 1234-35.

As a procedural matter, Williams is not entitled to relief because "[a] district court's technical application of the Guidelines does not give rise to a constitutional issue." *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994).   Moreover,

Williams did not object to the application of the two versus three-level adjustment for acceptance of responsibility in the PSR and, also, did not object to the adjustment at his sentencing hearing, even when it was specifically referenced by the district judge. ECF Doc. 52, ECF Doc. 72 at 40. Williams further could have, but did not, raise this issue on direct appeal. Thus, he is barred from raising it in his § 2255 motion. *See Ausburn*, 990 F.2d at 625.

Regardless, Williams's claim that he did not receive credit for acceptance of responsibility is without merit. Indeed, it is belied by the record. When the District Court sentenced Williams, it specifically stated, "[t]his would give us a 37 as a ***downward adjustment of two*** for acceptance of responsibility, which gets us where we are here at 35, and the Criminal History Category is II." ECF Doc. 72 at 40 (emphasis added), *see* U.S.S.G. § 3E1.1(a). The District Court further adopted that portion of the presentence investigation report applying a two-level reduction for acceptance of responsibility. ECF Doc. 59. Williams's contention that "the sentencing points awarded for acceptance of responsibility were not afforded to me because of a letter written to the judge prior to sentencing," (ECF Doc. 90 at 4), simply has no factual support in the record.

To the extent that Williams takes issue with getting a two, rather than three-level adjustment for acceptance of responsibility, that argument is also not well-taken. Under § 3E1.1(b) of the guidelines, a defendant whose offense level is 16

or greater qualifies for an additional one-level reduction for acceptance of responsibility, upon motion of the government stating "the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently…." U.S.S.G. § 3E1.1(b). As the guidelines state, the additional one-level adjustment may only be granted on motion of the government. Indeed, application Note 6 to § 3E1.1 recognizes that this is so because "the government is in the best position to determine whether a defendant has assisted authorities in a manner that avoids preparing for trial." U.S.S.G. § 3E1.1, comment (n.6). The Note further provides that the "government should not withhold such a motion based on interests not identified in § 3E1.1…." *Id.*

Here, the Government did not move for the additional one-level adjustment. The Government's failure to move for the additional one-level adjustment was based on an interest identified in § 3E1.1(b), namely, untimeliness. *See United States v. Joseph*, 559 F.App'x 928, 930 (11th Cir. 2014). As noted in the PSR, Williams did not enter his plea until five (5) days before the scheduled trial, after the Government had already filed a trial brief and proposed jury instructions (ECF Docs. 22, 25). *See* ECF Doc. 54, PSR ¶ 24. Thus, Williams was not entitled to more than a two-level reduction for acceptance of responsibility. *See Joseph*, 559 F.App'x at 930

(finding that government's failure to file a motion on interests identified in § 3E1.1(b), namely, the untimeliness of the plea, and stating, "[c]onsidering the extent of the government's trial preparation, the burden on the court's ability to allocate its resources efficiently, and defense counsel's opportunity to investigate the case, the district court did not clearly err in determining that [defendant]'s notification of his intent to plead guilty 'came too late'").

Even construing Williams's motion liberally as alleging that counsel was ineffective for failing to pursue the additional one-level reduction, the undersigned finds no basis for § 2255 relief.[4]  To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984).  To establish ineffective assistance, a defendant must provide factual support for his contentions regarding counsel's performance. *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir. 1987).  Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test.  *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333-34 (11th Cir. 2012).

---

[4] An ineffective assistance of counsel claim is properly raised by a § 2255 motion. *Massaro v. United States*, 538 U.S. 500, 503 (2003).

Case Nos.: 5:14cr10/RH/HTC; 5:16cv317/RH/HTC

Williams's claim that he was entitled to a three-level acceptance of responsibility reduction is without merit for the reasons discussed above. Therefore, he is not entitled to relief based on counsel's failure to pursue this issue because counsel cannot be constitutionally deficient for failing to preserve or argue a meritless claim. *Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015) (citing *Freeman v. Attorney Gen., Fla.*, 536 F.3d 1225, 1233 (11th Cir. 2008)).

**B. Williams's Ineffective Assistance of Appellate Counsel Claim**

Although Williams identified only one ground for relief in his motion, in response to the section of the § 2255 form regarding timeliness of the motion, Williams states that he was never informed by his counsel or the Eleventh Circuit that his appeal had been dismissed and further that his counsel "did not represent [him] or help [him]."[5]   ECF Doc. 90 at 12.   Because this Court must read a *pro se* party's pleadings liberally, the undersigned reads Williams's motion as seeking relief for ineffective assistance of appellate counsel and will therefore address that argument as well.   *See* ECF Doc. 90 at 12.

Due process of law requires that a defendant receive effective assistance of appellate counsel on his direct appeal.   *Evitts v. Lucey*, 469 U.S. 387, 396 (1985).

---

[5] Because of this additional language, the Government treated Williams's motion as containing three issues: (1) that he was not accorded a two-offense level reduction for acceptance of responsibility; (2) that his attorney withdrew so he could not raise issues on appeal; and (3) that he was never informed by his counsel that his appeal had been denied.   ECF Doc. 94 at 1.

Case Nos.: 5:14cr10/RH/HTC; 5:16cv317/RH/HTC

However, the Sixth Amendment does not require appellate advocates to raise every non-frivolous issue on appeal if counsel, as a matter of professional judgment, decides not to do so. *Smith v. Robbins*, 528 U.S. 259, 287-88 (2000). As noted above, appellate counsel filed an *Anders* brief averring that he could not in good faith argue any issues on appeal, while simultaneously identifying five (5) potential issues for the appellate court's consideration. ECF Doc. 94-2 at 5-6. Based upon its independent review of the record, the Eleventh Circuit concurred with counsel's assessment of both the merits of these issues and the record as a whole and affirmed Williams's conviction and sentence. ECF Doc. 82 at 2 ("Because independent examination of the entire record reveals no arguable issues of merit, counsel's motion to withdraw is GRANTED, and Williams's convictions and sentences are affirmed."). Williams's generalized allegation that counsel's appellate performance was somehow deficient is conclusory and unsupported.[6] The record is bereft of any non-frivolous issues Williams could have raised on appeal, on rehearing or in a petition for writ of certiorari that would have altered the outcome of this case. Thus, Williams cannot establish either the performance or prejudice prong of the *Strickland* test.

---

[6] In fact, it appears from a subsequent filing in the appellate court that Williams did not understand that despite his attorney's withdrawal, the Eleventh Circuit had thoroughly reviewed his case. *See* ECCA Case 15-11120, "Motion for Reconsideration/New Counsel" dated August 4, 2016.

Case Nos.: 5:14cr10/RH/HTC; 5:16cv317/RH/HTC

The undersigned also does not find support for Williams's position that he was not kept apprised of the status of his appeal and, thus, was prejudiced. The Motion to Withdraw that was filed by Williams's appellate counsel, Randolph Murrell, included a certification that a copy of the motion was mailed to Williams. ECF Doc. 94-4 at 3. Additionally, the Eleventh Circuit Clerk sent Williams a separate letter advising him that his attorney had requested to withdraw from the case and he had thirty (30) days to submit any meritorious arguments. ECF Doc. 94-4 at 5.

Even assuming, for argument's sake, Williams was not promptly notified of the disposition of his appeal, Williams has not been prejudiced by any such delay in notification. As noted above, the undersigned is unable to find any basis on which Williams could have filed a successful motion for reconsideration, motion for rehearing *en banc*, or petition for certiorari review.

## CONCLUSION

For the foregoing reasons, the undersigned finds Williams has not shown that he is entitled to relief pursuant to 28 U.S.C. § 2255 on any of his claims. Therefore, the undersigned recommends his motion be denied in its entirety without an evidentiary hearing.

Certificate of Appealability

Rule 11(a) of the Rules Governing § 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.   Rule 11(b), Rules Governing § 2255 Cases.

After review of the record, the Court finds no substantial showing of the denial of a constitutional right.   § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted).   Therefore, it is also recommended that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."   If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Case Nos.: 5:14cr10/RH/HTC; 5:16cv317/RH/HTC

Based on the foregoing, it is respectfully RECOMMENDED:

1. The Motion to Vacate, Set Aside, or Correct Sentence (ECF Doc. 90) be DENIED.

2. A certificate of appealability be DENIED.

At Pensacola, Florida, this 2nd day of July, 2019.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.