IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.  CASES NO. 5:14cr10-RH-HTC
 5:16cv317-RH-HTC

ROBERT LEESEAN WILLIAMS,

    Defendant.

_____/

**ORDER DENYING THE § 2255 MOTION AND
DENYING A CERTIFICATE OF APPEALABILITY**

The defendant Robert Leesean Williams has moved under 28 U.S.C. § 2255 for relief from his judgment of conviction. The motion is before the court on the magistrate judge's report and recommendation, ECF No. 96. No objections have been filed. This order accepts the report and recommendation. And the order adopts the report and recommendation as the court's opinion, except as noted below.

I

As the report and recommendation correctly notes, a defendant cannot obtain relief under § 2255 based on an alleged guideline error that could have been but was not raised at sentencing or on direct appeal. Mr. Williams thus is not entitled

to relief based on his assertion that he was improperly afforded only a two-level reduction, not a three-level reduction, for acceptance of responsibility.

Moreover, even had Mr. Williams raised this issue, it is likely he would have lost it, both before the district judge who presided over the sentencing and on direct appeal. Mr. Williams's attorney's failure to raise this issue was not ineffective assistance. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (holding that a defendant may obtain relief based on ineffective assistance of counsel on a showing of both deficient performance and prejudice).

This is enough to require rejection of Mr. Williams's claim based on denial of a three-level reduction for acceptance of responsibility.

II

The report and recommendation also says, as an alternative basis for rejecting Mr. Williams's claim, that the government did not move for a three-level reduction. This order does not adopt that alternative basis for rejecting the claim.

To be sure, United States Sentencing Guidelines Manual § 3E1.1(b) provides that a defendant qualifies for the three-level reduction, rather than just a two-level reduction, only "upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the

government and the court to allocate their resources efficiently." Congress directly amended the Guidelines Manual to include the requirement for a government motion; that was not the work of the Sentencing Commission. *See* Prosecutorial Remedies and Other Tools to end the Exploitation of Children Today Act of 2003, Pub. L. No. 108-21, 117 Stat. 650, 671 (2003).

By oral ruling on the record of at least one sentencing hearing, not appealed by the government, I have held the requirement for a government motion unconstitutional. The most complete written explanation of the reason was set out in my 2009 testimony before the Sentencing Commission:

> As mandated by Congress, the defendant gets [the] third point [for acceptance of responsibility] if and only if the government files a motion saying the defendant qualifies. This is a question of historic fact—did the defendant notify authorities in time for the government to avoid preparing for trial and in time for the government and the court to allocate resources efficiently? When there is a disputed issue of historic fact that affects sentencing, the dispute is properly resolved by the judge, if not by the jury. But Congress assigned this factual decision to the prosecutor. The third point is rarely disputed, and after [*United States v. Booker*, 543 U.S. 220 (2005),] it might not matter much anyway. Even so, it seems remarkable that we have given this core judicial function—finding the facts—to the prosecutor, and more remarkable still that nobody seems to have noticed.
>
> In treating the third point for acceptance in this manner, Congress adopted the approach long taken for substantial assistance. A minimum mandatory sentence need not be imposed on a defendant who has provided substantial assistance to the government in the investigation or prosecution of others. Congress long ago allocated to the prosecutor the decision whether this standard has been met in a given case. The theory, apparently, is

that the prosecutor is better able to determine whether the defendant has substantially assisted the government. It is a curious theory. One might have thought the Constitution allocated fact finding to judges and juries not because they know more than the lawyers but partly because they don't—and so must rely only on information provided through fair procedures in which both sides participate. And one might have thought the Constitution allocated fact finding to judges and juries in part because they are unbiased. Letting the prosecutor decide the facts without disclosing all of the information on which the decision is based is a dramatic departure from the usual approach.

Even so, I do not suggest that the Commission should reexamine the government's monopoly on substantial-assistance motions. For one thing, it was Congress, not the Commission, that put this system in place. For another, the issue is far more complicated than my brief comments suggest, and of enormous importance. In federal sentencing, the substantial-assistance motion is the coin of the realm. Giving the government control of the process raises issues, but it is also quite effective from a law-enforcement perspective. Individuals provide information and testimony that otherwise would be unavailable—and providing access to every person's evidence is usually good, other things being equal. My sense of it is that many cooperating witnesses tell the truth, and when they don't, the jury usually can figure it out. If the alternative is to require the imposition of a minimum mandatory sentence with no way out, then eliminating the government-controlled substantial-assistance motion would not lead to better sentencing.

Still, the system works only because prosecutors act in good faith. In my district, I'm not sure removing the government's control of the process would make much difference in who receives a substantial-assistance reduction. My point is only that a system that relies on the prosecutor's good faith may not be the system the founders envisioned, and that in any event we should allow an expansion of government control—as illustrated by the third point for acceptance—only with great caution. Note, for example, that on the third point, we have the prosecutor deciding whether the defendant entered a guilty plea in time to allow the

>court—not just the government—to allocate its resources effectively. One would be hard pressed to articulate a ground on which the prosecutor should be the fact finder on the issue of the court's allocation of its resources.

Robert Hinkle, U.S. District Judge, Statement Before the United States Sentencing Commission (Feb. 11, 2009), available at <https://www.ussc.gov/sites/default/files/pdf/amendment-process/public-hearings-and-meetings/20090210-11/Hinkle_statement.pdf>.

None of this makes a difference in the outcome of Mr. Williams's claim. The claim is unfounded for the other reasons set out in the report and recommendation and in section I of this order.

## III

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

>To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that

>reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

Mr. Williams has not made the required showing. This order thus denies a certificate of appealability.

## IV

For these reasons,

IT IS ORDERED:

1. The defendant's motion for relief under 28 U.S.C. § 2255, ECF No. 90, is denied.

2. The clerk must enter judgment.

3. A certificate of appealability is denied.

SO ORDERED on September 13, 2019.

                                          s/Robert L. Hinkle
                                          United States District Judge