UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

vs.                                           Case Nos.:  5:14-cr-10-RH/MJF
                                                                                             5:21-cv-238-RH/MJF

ROBERT LEESEAN WILLIAMS

---

## REPORT AND RECOMMENDATION

This matter is before the undersigned on Defendant Robert Leesean Williams's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Doc. 113. Williams filed his motion on the form for use in section 2254 cases, and it was originally opened as a separate civil case: Case No. 5:21-cv-221-TKW/EMT. Because Williams is a federal prisoner clearly seeking to challenge to his federal conviction, to preserve Williams's rights pending further review, the clerk of the court was directed to administratively close the section 2254 case and to re-docket the habeas petition as a motion to vacate pursuant to section 2255 in his criminal case. *See* Case No. 5:21-cv-221-TKW/EMT, Doc. 3.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify

the moving party." Before a prisoner may file a second or successive section 2255 motion, the prisoner must first obtain an order from the appropriate court of appeals authorizing the district court to consider the motion. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Without such authorization, a district court lacks jurisdiction to consider a second or successive section 2255 motion. *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005). A review of the record reveals that Williams previously filed a motion pursuant to 28 U.S.C. § 2255, which was denied. Doc. 97. The instant motion, therefore, is a second or successive motion, and Williams did not obtain authorization from the Eleventh Circuit to file a successive motion. Williams appears to be aware of this requirement, as his motion suggests he requested the forms for filing a second or successive section 2255 motion from this court and was instead provided the section 2254 form he submitted. Doc. 113 at 13. In any event, the District Court does not have jurisdiction to entertain Williams's motion, and it should be summarily dismissed.[1]

### Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued, "the court must

---

[1] If summary dismissal were not warranted in this case, the court would provide Williams with the proper section 2255 form and require him to file an amended motion before his case could proceed.

state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing § 2255 Cases.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (citation omitted) (explaining how to satisfy this showing). Therefore, it is also recommended that the District Court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this report and recommendation by either party, that party may bring this argument to the attention of the District Court in the objections permitted to this report and recommendation.

For the reasons set forth above, the undersigned respectfully **RECOMMENDS**:

1. The Motion to Vacate, Set Aside, or Correct Sentence, Doc. 113, be **DISMISSED** without prejudice to its resubmission, on the proper form, once Williams obtains leave to file a second or successive section 2255 motion from the Eleventh Circuit.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 20th day of December, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.