IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


UNITED STATES OF AMERICA

v.   CASES NO. 5:14cr10-RH-MJF
   5:21cv238-RH-MJF

ROBERT LEESEAN WILLIAMS,

    Defendant.

_____/


**ORDER DENYING RELIEF AND DENYING**
**A CERTIFICATE OF APPEALABILITY**


    The defendant Robert Leesean Williams pled guilty and was sentenced. He appealed. His attorney filed a brief under *Anders v. California*, 386 U.S. 738 (1967). The United States Court of Appeals for the Eleventh Circuit affirmed. Mr. Williams moved for relief under 28 U.S.C. § 2255. This court denied the motion and denied a certificate of appealability. Mr. Williams did not appeal.

    Mr. Williams now has submitted several documents apparently requesting leave to file a second § 2255 motion. Only the Eleventh Circuit may authorize Mr. Williams to make such a filing; this court cannot. And Mr. Williams has not alleged grounds that would allow the Eleventh Circuit to grant leave.

The case is before the court on the magistrate judge's report and recommendation, ECF No. 114. No objections have been filed. The report and recommendation treats one of Mr. Williams's submissions as a second § 2255 motion. The report and recommendation correctly concludes the court has no jurisdiction to consider any such motion. Moreover, Mr. Williams's filings allege no grounds for relief at all, let alone any plausible grounds for relief. So regardless of how the filings are construed, Mr. Williams is not entitled to relief.

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

Mr. Williams has not made the required showing. This order thus denies a certificate of appealability.

IT IS ORDERED:

1. The report and recommendation is accepted.

2. Relief is denied on all Mr. Williams's filings, ECF Nos. 113, 115, 116, and 117.

3. The clerk must enter judgment.

4. A certificate of appealability is denied.

SO ORDERED on January 25, 2022.

          s/Robert L. Hinkle
          United States District Judge