IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.     CASE NO. 5:14cr10-RH-HTC

ROBERT LEESEAN WILLIAMS,

    Defendant.

_____/

## REISSUED THIRD ORDER DENYING A SENTENCE REDUCTION

    The defendant Robert Leesean Williams has served 108 months on a 235-month sentence in the Bureau of Prisons. His motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) is before the court on remand from the United States Court of Appeals for the Eleventh Circuit.

    This order is identical to the order docketed June 7, 2023, ECF No. 134, except that the word "reissued" has been added to the title, this paragraph has been added, and an ordering paragraph has been added that vacates the June 7 order and substitutes this one. The June 7 order was entered without awaiting an Eleventh Circuit mandate, because the time at which a mandate ordinarily would issue had passed, no mandate had been issued, and it was not clear whether, on a vacate-and-

remand order of this kind, a mandate would issue. As it turns out, the mandate issued the next day. To avoid any question about whether the June 7 order was improperly entered before issuance of the mandate, this order vacates the June 7 order and starts over. What follows is identical to the June 7 order until the language "IT IS ORDERED."

This court's October 29, 2022 order—the order that has been vacated by the Eleventh Circuit—denied the motion, incorporating by reference the explanation in the September 15, 2020 order denying a prior motion for a sentence reduction under the same statute. The Eleventh Circuit found the explanation insufficient to allow appellate review. This order denies the motion on the same grounds but attempts to explain it better.

I

Federal law has long allowed a district judge to reduce a sentence based on "extraordinary and compelling reasons" or in other narrowly defined circumstances. 18 U.S.C. § 3582(c)(1)(A). This is sometimes referred to rather imprecisely as "compassionate release."

Before the First Step Act, a district court could grant such a sentence reduction only on motion of the Director of the Bureau of Prisons. The First Step Act changed this, allowing a sentence reduction on the motion of the Director *or the defendant*. *See* First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat.

5194, 5238. A defendant may file such a motion after exhausting administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A). Or the defendant may file such a motion without exhausting administrative remedies if more than 30 days have passed since the defendant delivered a request for relief to the warden of the defendant's facility. *Id*.

Mr. Williams asserts he filed this motion more than 30 days after requesting relief from the warden. This order assumes he met the exhaustion-or-30-days requirement.

II

The statute allows a sentence reduction if, after considering the sentencing factors in 18 U.S.C. § 3553(a) to the extent applicable, the court finds that "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's policy statements are set out in United States Sentencing Guidelines Manual § 1B1.13 (2018). Application note 1 lists specific conditions that make a defendant eligible: a terminal illness, *see id*. at n.1(A)(i); a debilitating medical condition from which the defendant is not expected to recover that substantially diminishes the ability to provide self-care, *see id*. at n.1(A)(ii); age 65 or greater and attendant serious deterioration of health, *see id*. at n.1(B); and

family circumstances that include death or incapacitation of a child's caregiver or incapacitation of a spouse, *see id*. at n.1(C). The note also has a catchall provision: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id*. at n.1(D).

### III

For an extended period, it seemed clear that heightened risk from covid-19 was a qualifying extraordinary and compelling reason. *See, e.g.*, *United States v. McKinney*, No. 4:04-cr-3-RH (N.D. Fla. Sept. 21, 2020); *United States v. Mize*, No. 5:15-cr-25-RH (N.D. Fla. Nov. 1, 2020); *United States v. Ransom*, No. 4:10-cr-54-RH (N.D. Fla. Sept. 21, 2020). Indeed, the government in this district ordinarily acknowledged this. *See, e.g.*, *United States v. Mize*, No. 5:15-cr-25-RH, Government's Resp. to Def.'s Mot. for Compassionate Release, ECF No. 327 at 3; *see also Ransom* at 5 (noting the government's inconsistent approach). Some courts, including this one, also held it an extraordinary and compelling reason that a sentence was abnormally harsh or out of line with current standards. *See, e.g.*, *United States v. Cotrell*, No. 4:01-cr-11-RH (N.D. Fla. Dec. 1, 2020).

Later, though, the Eleventh Circuit cast doubt on these decisions. In *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021), the court held application note 1

binding, contrary to the view of other circuits. And the court held binding on Mr. Bryant the catchall provision's requirement for a determination by the Bureau of Prisons. The Bureau has made no such determination in Mr. Williams's case.

*Bryant* did not address, because Mr. Bryant had not adequately briefed, the substantial question whether the Sentencing Commission, having been delegated by statute the authority to adopt policies on this issue, could in turn delegate that authority to the Bureau of Prisons. *See id*. at 1264 n.6. This left unclear the question whether, in any other case, the Commission's delegation of authority to the Bureau of Prisons would be held valid.

More recent decisions apply *Bryant* without addressing the improper-delegation issue that *Bryant* left open. *See, e.g.*, *United States v. Giron*, 15 F.4th 1343 (11th Cir. 2021). But an even more recent, *en banc* decision may cast doubt on *Bryant*. In *United States v. Dupree*, 57 F.4th 1269 (11th Cir. 2023) (en banc), the court held that an application note is controlling only when a guideline itself is "genuinely ambiguous." *Id*. at 1274 (quoting *Kisor v. Wilkie*, 139 S. Ct. 2400, 2414 (2019)). One might well question what ambiguity in Guidelines Manual § 1B1.13 is properly resolved by a delegation of decision-making authority to the Director of the Bureau of Prisons. The Sentencing Commission has proposed an amendment to § 1B1.13 that would eliminate any requirement for Bureau of Prisons approval.

Mr. Williams asserts that extraordinary and compelling reasons to reduce his sentence are not limited to his medical condition and the covid risk. He cites other reasons, including rehabilitation, good behavior, and good works while in the Bureau of Prisons. Not every prisoner compiles a record as favorable as Mr. Williams says he has compiled, but good behavior in the Bureau, without more, is rarely extraordinary.

This order announces no ruling on whether Mr. Williams's medical condition, the still-existing though reduced covid risk, and the other circumstances on which he relies rise to the level of extraordinary and compelling reasons within the meaning of the statute. A sentence reduction would be denied either way, for the reasons set out below.

## IV

That a defendant is *eligible* for a reduction does not mean a court should exercise its discretion to *grant* a reduction. The governing statute, § 3582(c)(1)(A), explicitly requires the court to consider the § 3553(a) sentencing factors to the extent applicable. A sentence reduction under § 3582(c)(1)(A) is not constrained by any minimum mandatory.

Mr. Williams committed child-pornography offenses. His criminal history included a juvenile adjudication for a lewd and lascivious act on a three-year old

and an adult criminal conviction for felony battery. The presentence report said the felony battery conviction was based on sexual intercourse with a 15-year-old.

The district judge who was presiding over this case at the time sentenced Mr. Williams at the high end of the guideline range. In the September 15, 2020 order—the first order denying a § 3582(c)(1)(A) sentence reduction—I said Mr. Williams "is a danger to the safety of other persons—children at risk of sexual abuse by Mr. Williams—and the community." ECF No. 105 at 2-3. I said that even if Mr. Williams was eligible for a reduction, I would deny a reduction "as a matter of discretion." *Id.* at 3. I said a reduction to time served—the requested reduction—"would not meet the § 3553(a) sentencing purposes." *Id.* And I concluded, "The sentence as imposed remains the appropriate sentence." *Id.*

These statements all remain applicable. I have considered Mr. Williams's motion and all of the alleged extraordinary and compelling reasons on which he relies. I have considered all the § 3553(a) factors. I have considered the changes in caselaw since entry of the September 15, 2020 order—they generally favor the government, not Mr. Williams—but I have nonetheless assumed he is eligible. As a matter of discretion, I choose not to reduce his sentence.

V

For these reasons,

IT IS ORDERED:

1. The June 7, 2023 order, ECF No. 134, is vacated, and this order is entered in its place.

2. Mr. Williams's motion for a sentence reduction, ECF No. 126, is denied.

3. The clerk must provide copies of this order to Mr. Williams himself by mail and to the attorneys of record and the Federal Public Defender through the electronic filing system.

SO ORDERED on June 9, 2023.

s/Robert L. Hinkle<br>United States District Judge